J-S28008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EUGENE J. PARLANTI | : | |
| | : | |
| Appellant | : | No. 1432 MDA 2017 |

Appeal from the Judgment of Sentence September 7, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001902-2016

BEFORE: OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED JULY 09, 2018**

Appellant, Eugene J. Parlanti, appeals from the judgment of sentence entered on September 7, 2017. We affirm.

The factual background and procedural history of this case are as follows. On March 9, 2016, Officer Samuel DeSimone of the Pittston City Police Department pulled Appellant over after he failed to use his turn signal when he "merged" onto Kennedy Boulevard from North Main Street. Thereafter, the Commonwealth charged Appellant via criminal information with driving under the influence ("DUI") – general impairment[1] and DUI – higher rate.[2] On September 15, 2016, Appellant filed a suppression motion.

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] 75 Pa.C.S.A. § 3802(b).

On April 4, 2017, the trial court held a combined suppression hearing and bench trial. The trial court granted in part and denied in part Appellant's suppression motion. It held that the traffic stop was lawful, however, the ensuing blood draw evidence was inadmissible. The trial court also found Appellant guilty of DUI – general impairment and sentenced him to six months' intermediate punishment, including ten days' confinement. This timely appeal followed.[3]

Appellant presents one issue for our review:

> Did the trial court commit an error of law in . . . finding that the officer had probable cause to believe that [] Appellant violated a provision of the Motor Vehicle Code when he failed to engage his turn signal at a split in the road, even though no signal was required under the circumstances?

Appellant's Brief at 2.

Appellant's lone issue challenges the trial court's denial of his suppression motion. Our "standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the [trial] court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." ***Commonwealth v.***

---

[3] On September 19, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P. 1925(b). On October 31, 2017, Appellant filed his concise statement. On November 8, 2017, the trial court issued an order stating that its rationale for denying Appellant's suppression motion was included in the certified record. Appellant's lone appellate issue was included in his concise statement.

***McClellan***, 178 A.3d 874, 880 (Pa. Super. 2018) (citation omitted). "[O]ur scope of review is limited to the factual findings and legal conclusions of the [trial] court." ***In re L.J.***, 79 A.3d 1073, 1080 (Pa. 2013) (citation omitted). "We may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." ***Commonwealth v. Fitzpatrick***, 181 A.3d 368, 373 (Pa. Super. 2018) (citation omitted). After a defendant files a suppression motion, "the Commonwealth bears the burden of proving by a preponderance of the evidence that the evidence was lawfully obtained." ***Commonwealth v. Batts***, 163 A.3d 410, 453 n.22 (Pa. 2017) (citation omitted).

Our Supreme Court has held that a police officer must have probable cause that a violation of the Motor Vehicle Code occurred to conduct a traffic stop if the alleged violation is not "investigatable." ***Commonwealth v. Chase***, 960 A.2d 108, 116 (Pa. 2008). In this case, the officer stopped Appellant for failing to use a turn signal – a violation of 75 Pa.C.S.A. § 3334(a) that is not investigatable. Hence, the officer needed probable cause to stop Appellant's vehicle. ***See Commonwealth v. Brown***, 64 A.3d 1101, 1105 n.3 (Pa. Super. 2013), *appeal denied*, 79 A.3d 1096 (Pa. 2013).

Appellant argues that he was not required to use his turn signal when he "merged" onto Kennedy Boulevard from North Main Street. The Motor Vehicle Code provides that:

> Upon a roadway no person shall turn a vehicle or move from one
> traffic lane to another or enter the traffic stream from a parked

position unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section.

75 Pa.C.S.A. § 3334(a).

Appellant's reliance on the officer's use of the word "merge" in his testimony to suggest that no "turn" or "move" of a vehicle occurred within the meaning of section 3334(a) is misplaced. A photograph of the subject intersection was entered into evidence at the suppression hearing. It is evident from the photograph that Appellant's entry onto Kennedy Boulevard involved a lane change that required appropriate signaling under section 3334(a). Hence, the exact terminology that the officer used when describing Appellant moving from North Main Street to Kennedy Boulevard is immaterial to determining if Appellant was required to use his turn signal.

The photograph of the intersection admitted at the suppression hearing indicates that North Main Street continues to the left and that "merging" onto Kennedy Boulevard requires the driver to move from one lane, *i.e.*, the North Main Street lane, to another lane,[4] *i.e.*, the Kennedy Boulevard lane. Therefore, Appellant was required to use his turn signal to "merge," move, or turn onto Kennedy Boulevard. Hence, the traffic stop was supported by

---

[4] Appellant concedes there is only one lane on North Main Street. Thus, the distinction Appellant attempts to draw between traveling on the left side of the lane versus the right side of the lane is immaterial for purposes of section 3334(a). The clear language of the statute compels the use of an appropriate signal whenever one's vehicle moves from one lane to another.

probable cause and the trial court properly denied Appellant's suppression motion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/09/2018